UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re                                                                    Bk. No. 18-14163-JKO
**Zoila Y. Gomez**,                                                 Chapter 11
_____Debtor._____/

## DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE (ECF 7)

ZOILA GOMEZ by and though undersigned counsel Responds to the Court's Order to Show Cause Why Case Should Not be Dismissed as follows:

1. The Court has jurisdiction of the case herein because of the post confirmation actions or lack thereof of the debtor's secured creditor, Wells Fargo Bank in case number 12-27689-JKO, a case under Chapter 11 and sections §105 and §109 of The United States Bankruptcy Code.

2. The debtor at all times followed the Orders of this Court and the Bankruptcy Code or made valid attempts to do so and is only before this honorable court because of the failure and refusal of secured creditor Wells Fargo Bank as explained below.

**The History**

3. The debtor owns six duplex units in Bardenton Florida that she purchased prior to or during the year 2006.

4. The principal, interest, taxes, insurance, maintenance, repairs, and management costs proved to exceed the revenue and all six duplex unit went into foreclosure.

5. The debtor filed her prior case in her attempt to same the duplex units and was successful as evidenced by confirmation of her plan of reorganization (ECF 334) entered on the 10th day of March 2015.

6. Substantial consumption payments were timely made to all creditors and the debtor

thereafter timely made payments to her creditors monthly pursuant to her Plan.

7. All of the creditors either, accepted payments, returned payments tendered, or held the payments with or without acceptance thereof.

8. The debtor after notice filed motion to compel two of the lenders to accept payments (ECF's 353 and 354) which after notice of hearing failed to attend.

**Status as to claims**

9. Communications both written and via telephone was attempted with all of the creditors with the following results;

    a. The attorneys representing the secured creditors after confirmation were not longer representing the lenders and were either unable or unwilling to provide direct contact information the creditor's there represented; or

    b. If contact information was available the secured creditor, each of whom was a federally insured bank, was unable or unwilling for a period of time to recognize the reorganization and its connection thereto; or

    c. Mortgages and notes were subsequently transferred to other institutions (Claim 6 Bank of America and claim 7 Bank of New York)

    d. Mortgages were assigned to outside servicers:

        *I.* Claim 7 from Wells Fargo to Bayview Loan Servicing (ECF 308), modification under review;

        *ii.* Claim 8 from Wells Fargo to U.S. Bank National Association (ECF 385), to Igloo Series III Trust (ECF 440), currently serviced by BSI payments are current;

          *iii.* Claim 6 from Bank of America to U.S. National Association (ECF 349), to Selene finance LP (ECF 382) Modification trial period creditor has authority to directly take payments from debtor's bank account.

    e. Wells Fargo accepted payments on its Claim No. 3 and payments are current pursuant to confirmed Plan but at the bank's request payments now include escrow for taxes and insurance.

    f. Wells Fargo, claim No. 10, accepted payments, held payments, returned some payments, claimed to be working on reinstatement or modification and based upon promises of counsel did not oppose stay relief, but instead reopened original 2009 foreclosure, giving notice only to an attorney who had represented the debtor in the case and the property was sold. Upon receipt of the notice sale by debtor an objection to sale was filed and a Suggestion of Bankruptcy. The State Court Judge did not acknowledge the a stay. State Court attorney stated he did not receive notice of the sale but the notice's certificate of service included his address.

    g. Wells Fargo Claim No. 4 checks tendered and returned. Numerous attempts since the confirmation in the prior have been made through Wells Fargo's State Court counsel, counsel that represents Wells Fargo in this and other matters in the Bankruptcy Court, and directly with Wells Fargo itself to make payments, reinstate, or modify have been unsuccessful. Apparently as a result of communications with Wells Fargo Banks attorneys Wells Fargo obtained an Order on the 11th day April 2018 cancelling the sale of this property.

10. The debtor and the undersigned repeatedly attempted to comply with the

confirmation order (ECF 334) by tendering payments, communicating with the various lenders, servicers, and attorneys via hundreds of a contacts via United State's Mail, email, facsimiles, and telephone exchanges.

11. At all times even though Wells Fargo failed and refused to accept payments pursuant to the debtors confirmed Chapter 11 Plan (ECF 334) she has maintained subject properties by replacing and repairing them, replacing appliances and an a roof no one of the units.

12. Because of the refusal of Wells Fargo to comply with the Order confirming the Plan in the prior case and lack of notice the debtor was left with no other result but to file the instant case.

13. The debtor may be a debtor in the instant case pursuant to 11 U.S.C. 109 "Who May be a Debtor" that reads in pertinent part as follows:

> "(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if:
>
> > (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
> >
> > (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

14. Neither of the pertinent sub sections of provision apply to this debtor because the debtor has not willfully or otherwise failed to abide by orders of this court nor request a voluntary dismissal of her prior case.

15. The Court has the authority to grant the relief requests pursuant to 11 U.S.C. §105 "Power of Court" which in pertinent part reads a follows:

"(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sea sponge, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

16. It is clear that Wells Fargo Bank intentionally or through its lack of international controls or organization is the cause of injury to the debtor by failing an refusing tender of payment pursuant to her confirmed plan.

17. The debtor should not be punished because of Wells Fargo Bank's failure and refusal to comply with orders of this Court.

18. Coincidental the filing of the motion herein the debtor is filing her motion to vacate the automatic stay grant to Wells Fargo Bank (ECF's 398 and 400) based upon the grounds stated herein above.

18. This court has the authority to approve this response while continuing the debtor's compliance with her confirmed Plan and grant the relief requested below.

WHEREFORE, ZOILA GOMEZ prays that this Court issue an Order as follows:

a. Determine that the Court has the jurisdiction to administer this case.

b. Determine that the automatic stay was in place of as the 10th day of April 2018.

c. Issue any other order the Court deems appropriate under the facts and circumstances herein.

Respectfully submitted in the Southern District of Florida, Fort Lauderdale Division on this 16th day of April 2018.

                                                  /S/
                                     Richard Siegmeister, Esquire

Richard Siegmeister, P.A.<br>
Attorneys for ZOILA GOMEZ<br>
3850 Bird Road, Floor 10<br>
Miami, Florida 33129-1180<br>
Florida Bar No. 0700975<br>
Telephone: (305) 859-7376<br>
Facsimile 305 859-7378<br>
Email: rspa111@att.net<br>
rspalaw@att.net

Mail list:

Gerard M. Kouri, Jr., Esquire gmkouri@aol.com
Jeffrey S Fraser bkfl@albertellilaw.com
Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

Z:\MyFiles\Data - Old\BANKRDTR\Gomez Zoila\180416 Response to OSC.wpd